Paula L. Zecchini, AZ Bar No. 031880
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: (206) 340-1000
Facsimile: (206) 621-8783
Email: pzecchini@cozen.com

Attorneys for Defendant
DOMAINS BY PROXY, LLC, erroneously
sued as DOMAINS BY PROXY, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LARRY G. PHILPOT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOMAINS BY PROXY, INC., a<br>Delaware Corporation,<br><br>　　　　　Defendant. | Case No.: 2:17-mc-00069-DGC<br><br>**DEFENDANT DOMAINS BY PROXY, LLC'S OPPOSITION TO PLAINTIFF LARRY G. PHILPOT'S MOTION FOR ENTRY OF DEFAULT** |

## I. INTRODUCTION

Plaintiff Larry G. Philpot's ("Plaintiff") Motion for Entry of Default (Dkt. No. 2) (the "Motion") must be denied, because it is procedurally improper and inapplicable, and it is moot. First, Plaintiff's Motion is improper because Plaintiff filed no complaint in this action, and asserted no claim against Defendant Domains by Proxy, LLC ("DBP"). Instead, Plaintiff initiated this miscellaneous action under the Digital Millennium Copyright Act ("DMCA") pursuant to 17 U.S.C. § 512(h), in order to have "the Clerk issue a subpoena to [DBP] to identify the actual registrant of certain domain names," which Plaintiff alleges are violating his copyright protected works. Therefore, DBP could not be in default, because there is no pleading to which it needed to respond. Second, Plaintiff's Motion should be denied as moot because (a) Plaintiff failed to certify compliance with Local Civil Rule 7-2(j), and (b) DBP fully responded to the subpoena, and produced the information that Plaintiff sought. Therefore, any sanction against DBP would be inappropriate, as there is no order with which the Court needs to coerce DBP's compliance. Plaintiff's Motion must be denied.

## II. FACTUAL BACKGROUND

### A. Background on DBP

DBP is a domain name privacy service that provides customers the ability to keep their information private when they register a domain name. Declaration of Chris Boyle ("Boyle Decl.") at ¶ 3. Websites are typically accessed by a domain name, such as "google.com" or "azd.uscourts.gov." *Id.* at ¶ 4. To obtain a domain name, a registrant must register the domain name with a registrar, like GoDaddy.com, LLC ("GoDaddy"). *Id.* Domain names are assigned on a first-come, first-served basis. *Id.*

Pursuant to the requirements set out by the Internet Corporation of Assigned Names and Numbers ("ICANN"), the organization responsible for governing domain names, domain name registrars must contribute registration information to the WHOIS database. *Id.* at ¶ 5. The WHOIS database provides public access to information regarding all registered domains, including the registrant's name, address, phone number, and e-mail address. *Id.* Given the highly public nature of the registrant's personal contact information,

1

1  DBP offers customers a way to protect their privacy, by displaying its contact information in
2  the WHOIS database instead of the domain name registrant. *Id.*
3  DBP is not a domain name registrar. It offers domain privacy services through partner
4  domain registrars such as GoDaddy. *Id.* at ¶ 6. The domain name registrant registers his or
5  her domain name, and then purchases DBP's privacy services as an add-on service, if
6  desired. *Id.* DBP's sole role is to allow the domain name registrant to use DBP's contact
7  information within the WHOIS database, and to forward any communications by third parties
8  to the domain name registrant. *Id.* at ¶ 7.
9  While using DBP's privacy service, the domain name registrant maintains custody,
10 ownership, and complete control over the domain at all times. *Id.* This information is made
11 clear not only to DBP's customers prior to their purchase of privacy services, but to the public
12 at large via DBP's website, www.domainsbyproxy.com:



DBP, www.domainsbyproxy.com (last visited on March 5, 2018). *Id.* DBP does not own, operate, or otherwise have any interest in or affiliation with any of the domain names belonging to its privacy service customers, nor any websites resolving therefrom. *Id.* at ¶¶ 8-9.

### B. Plaintiff's Miscellaneous Action

Plaintiff alleges that he is a photographer and the owner of copyrights to several pictorial works at issue in this action. *See* Dkt. No. 1, Declaration of Larry Philpot, at ¶¶ 1-2. "As a part of his work, [P]laintiff photographs musical artists in concert." *Philpot v. Media Research Center Inc.*, No. 1:17-cv-822, 2018 WL 339142, at *1 (E.D. Va. Jan 8, 2018).

On December 13, 2017, Plaintiff initiated this miscellaneous action by filing his declaration in support of his "application pursuant to 17 U.S.C. § 512(h) for the Clerk to issue a subpoena to [DBP] to identify the actual registrant of certain domain names." Dkt. No. 1 ¶ 1. Plaintiff alleged that the domain names at issue were "hosting images that infringe[] one of [Plaintiff's] copyrighted works." *Id.* ¶ 3. Plaintiff further alleged that the registrants of the domain names at issue used DBP's privacy services. *Id.* ¶ 12. Plaintiff made clear that the only purpose of the subpoena Plaintiff sought was "to obtain the identity of the infringer." *Id.* ¶ 13. The Clerk issued the subpoena. *See* Dkt. 1-1.

### C. Plaintiff's Motion for Default

On February 16, 2018, Plaintiff filed the Motion. Plaintiff describes the above-referenced subpoena application as "a Complaint against [DBP] alleging copyright infringement of certain photographs." Dkt. No. 2, at 1. However, Plaintiff filed no complaint in this action, and has asserted no claims against DBP. Plaintiff again acknowledged that the only purpose of the subpoena was to obtain the contact information for the "true owner" of the domain names at issue "for prosecution of Copyright infringement." *Id.* Plaintiff contended that DBP "failed to answer [Plaintiff's] claims within the time period required by the Federal Rules of Civil Procedure." *Id.* at 2. As a result, Plaintiff "requests that the Court enter default against [DBP] and deem [DBP] as the owner" of the domains at issue. *Id.*

On or about February 27, 2018, DBP responded to Plaintiff's subpoena, and provided the information that the subpoena sought for all but one domain. *See* Declaration of Paula L.

Zecchini ("Zecchini Decl.") at ¶ 3, Ex. A, Letter Dated February 27, 2018.[1] With regard to the domain for which DBP withheld the requested information from its initial production of February 27, 2018, such information was withheld because the customer who owned the domain at issue advised DBP that a motion to quash the subpoena would be forthcoming. *Id.* at ¶ 4. As of March 5, 2018, no such motion to quash appeared on the docket. *Id.* As a result, DBP provided Plaintiff with the information that the subpoena sought for the last domain identified in the subpoena. *Id.* at ¶ 4, Ex. B, Letter Dated March 5, 2018.

## III.  LEGAL STANDARD

The DMCA authorizes "[a] copyright owner . . . [to] request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer." 17 U.S.C. § 512(h)(1). The sole purpose of this subpoena is to "identify a copyright infringer." *Signature Management Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1152 (N.D. Cal. 2013). If the request meets the requirements of Section 512(h), "the clerk shall expeditiously issue and sign the proposed subpoena." 17 U.S.C. § 512(h)(4). Once the service provider receives the subpoena, "the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena." 17 U.S.C. § 512(h)(5). A party seeking to enforce a DMCA subpoena must follow the procedures set forth in Rule 45 of the Federal Rules of Civil Procedure ("Rule 45"). *See* 17 U.S.C. § 512(h)(6) ("[T]he remedies for noncompliance with the subpoena[] shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."). *See also In re: Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 250-251 (D.D.C. 2003), *rev'd on other grounds sub nom Recording Ind. Assoc. of America, Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003) ("[T]he procedures in Fed.R.Civ.P. 45 governing enforcement of a subpoena duces tecum are applicable to a § 512(h) subpoena . . . .").

---

[1] As DBP does not believe this issue to be in dispute, and because the actual document production includes private information of DBP customers, DBP has attached only the cover letter associated with its response to Plaintiff's subpoena.

Rule 45 sets forth the procedure and potential consequences for noncompliance with a subpoena. A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The advisory notes make clear that "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Id.* 2013 Committee Note. A civil contempt sanction is designed "to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *3 (D. Ariz. Oct. 18, 2013).

A party seeking a contempt order must first seek "an order to show cause why a contempt order should not be issued." *Dallas Buyers Club, LLC v. Doe-71-237-192-131*, No. 3:15-cv-731-AC, 2016 WL 96152, at *2 (D. Or. Jan. 7, 2016) (citing *Alcade v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008)). Then, the moving party must prove that "the non-moving party violated a court order by clear and convincing evidence." *Id.* (citing *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)). Finally, any contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due." *Martinez v. City of Pittsburgh*, No. C 11-01017 SBA (LB), 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012) (citing *De Parcq v. United States District Court for Southern Dist. of Iowa*, 235 F.2d 692, 699 (8th Cir. 1956)).

Furthermore, the Local Rules mandate that the parties engage in a conferral process before filing any discovery motion, and submit with any discovery motion a certification setting forth those efforts. *See* LRCiv 7-2(j) ("No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to resolve the matter.").

### IV. PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT MUST BE DENIED

#### A. The Motion is Procedurally Improper and Inapplicable to a Subpoena

Plaintiff's Motion should be denied, because Plaintiff filed no complaint in this matter, and asserted no claims against DBP. Therefore, there is no pleading to which DBP could

respond. Rule 55(a) of the Federal Rules of Civil Procedure provides that "the clerk must enter the party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, if there is no complaint or other pleading to which a party must respond, there is no basis to find a party in default. *See Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) ("If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action, the district court does not abuse its discretion in refusing to grant such relief.").[2]

Here, there was no pleading to which DBP could defend or respond, because Plaintiff never filed a complaint or asserted claims against DBP in this action. Although Plaintiff alleges that on December 13, 2017, he "filed a Complaint against [DBP] alleging copyright infringement of certain photographs," Dkt. No. 2 at 1, Plaintiff never filed a complaint in this action. Rather, Plaintiff filed a request for a subpoena pursuant to 17 U.S.C. § 512(h). *See* Dkt. No. 1. Any alleged noncompliance with that subpoena is governed by "those provisions of the Federal Rules of Civil Procedure governing the . . . enforcement of a subpoena duces tecum." 17 U.S.C. § 512(h)(6). *See also In re: Verizon Internet Servs., Inc.*, 257 F. Supp. 2d at 250-251. Rules 12 and 55 of the Federal Rules of Civil Procedure simply do not apply to this action, and there is no lawful basis for the entry of default against DBP.

**B.    Plaintiff's Motion Should Be Denied as Moot, Because DBP Fully Responded to the Subpoena.**

Even if the Court were to construe Plaintiff's Motion as a Request for Sanctions under Rule 45(g) of the Federal Rules of Civil Procedure for failure to comply with a subpeona, Plaintiff's Motion should be denied as moot because (1) DBP fully responded to the subpoena, and (2) Plaintiff failed to comply with the conferral requirement in Local Civil Rule 7-2(j).

The Federal Rules of Civil Procedure authorize a court to "hold in contempt" a person who fails to respond to a subpoena. Fed. R. Civ. P. 45(g). However, that penalty is "rare"

---

[2] To date, research has revealed no decision applying Rule 12 or Rule 55 of the Federal Rules of Civil Procedure to a DMCA subpoena issued pursuant to 17 U.S.C. § 512(h).

unless a court first orders compliance with a subpoena. *Id.* 2013 Committee Note. *See also Dallas Buyers Club, LLC*, 2016 WL 96152, at *2 (a party seeking a contempt order must first seek "an order to show cause why a contempt order should not be issued."). Here, Plaintiff has failed to satisfy any, much less all, of the procedural prerequisites for the issuance of a contempt order.

First, Plaintiff failed to comply with Local Civil Rule 7-2(j), which provides that "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." When a party fails to include this required certification, courts will not consider the discovery motion. *See, e.g. Robinson v. Hall*, No. CV-12-166-PHX-FJM (LOA), 2013 WL 791268, at *1 (D. Ariz. Mar. 4, 2013); *Krueger Investments, LLC v. Cardinal Health 110, Inc.*, No. CV 12-0618-PHX-JAT, 2012 WL 3264524, at *3 (D. Ariz. Aug. 9, 2012); *Bustamante v. Graco, Inc.*, No. CV 03-182 TUC JMR, 2005 WL 5976149, at *1 (D. Ariz. Dec. 1, 2005). Plaintiff's failure to include this required certification, much less engage in this required conferral process, warrants denying the Motion.

Second, there are no grounds to hold DBP in contempt, because DBP has fully responded to the subpoena. *See* Zecchini Decl. at ¶¶ 3-4, Exs. A-B. As a result, Plaintiff cannot meet his burden of showing that DBP violated any court order "by clear and convincing evidence." *Martinez v. City of Avondale*, 2013 WL 5705291, at *4. Moreover, there is simply no court order with which compliance must be compelled. *See Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 826-827 (1994) ("[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience . . . ."); *Martinez v. City of Pittsburgh*, 2012 WL 699462, at *3 ("A civil contempt order must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before payment of the fine or other sanction becomes due."). In light of the fact that any civil contempt sanction must be "the minimum sanction necessary to obtain compliance," *see Whittaker Corp. v. Execuair*

*Corp.*, 953 F.2d 510, 517 (9th Cir. 1992), sanctions are inappropriate when a person has complied with a subpoena. As DBP fully responded to the subpoena, there are no grounds to issue contempt sanctions against DBP.

V. **CONCLUSION**

For the reasons set forth herein, DBP respectfully requests that the Court deny Plaintiff's Motion for Entry of Default.

Dated: March 5, 2018

**COZEN O'CONNOR**
Paula L. Zecchini

By: *s/ Paula L. Zecchini*
Paula L. Zecchini
Attorneys for Defendant
DOMAINS BY PROXY, LLC erroneously sued as DOMAINS BY PROXY, INC.

8
**DEFENDANT DOMAINS BY PROXY, LLC'S OPPOSITION TO PLAINTIFF LARRY G. PHILPOT'S MOTION FOR ENTRY OF DEFAULT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on March 5, 2018.  On that same date, I served a true and correct copy of the foregoing document by First Class United States Mail on:

Larry G. Philpot
8125 Halyard Way
Indianapolis, IN 46236

*Pro se Plaintiff*

SIGNED AND DATED this 5th day of March, 2018 at Seattle, Washington.

COZEN O'CONNOR

By: *s/ Paula Zecchini*
Paula Zecchini